Hang & Associates, PLLC
Yuezhu Liu
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: yliu@hanglaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHEONG M CHUNG,<br><br>   Plaintiff,<br><br>   vs.<br><br>RIVER HOUSE CHINESE CUISINE, INC., KA PING LEUNG A/K/A TONY LEUNG, AND FANG YU A/K/A SYLVIA,<br><br>   Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Cheong M Chung, by and through his attorneys, Hang & Associates, PLLC, hereby bring this complaint against Defendants RIVER HOUSE CHINESE CUISINE, INC. ("Corporate Defendant"), KA PING LEUGN A/K/A TONY LEUNG, AND FANG YU A/K/A SYLVIA (collectively "Defendants") and allege as follows:

## INTRODUCTION

1. This action is brought by Plaintiff Cheong M Chung, against Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11 – 56(a) et seq. ("NJWHL") arising from Defendants' various willful, malicious and unlawful employment policies, patterns, and practices.

2. Plaintiff worked as a waiter at River House Chinese Cuisine Inc ("River House")

from in or around September 2021 through May 15, 2023. Throughout his employment with River House, Plaintiff regularly worked more than forty (40) hours per workweek, but Defendants failed to pay Plaintiff the statutorily required overtime wage rate of time and one-half for hours worked over forty (40) per workweek.

3. Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA and the NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

4. Plaintiff alleges pursuant to the FLSA and the NJWHL, that he is entitled to recover from Defendants unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business and have the Corporate Defendant's principal place of business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff Cheong M. Chung resides in Kings County, New York.

8. Plaintiff worked for River House as a waiter from in or around September 2021 through May 29, 2023.

9. Plaintiff was born in 1967 and is 56 years old now.

**DEFENDANTS**

*Corporate Defendants*

10. Corporate Defendant River House is a domestic business corporation organized under the laws of the State of New Jersey with a principal business address at 725 River Road, Edgewater, NJ 07020.

11. Upon information and belief, River House is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

12. Upon information and belief, River House has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

13. Upon information and belief, River House is an "enterprise engaged in interstate commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

14. Upon information and belief, at any time of Plaintiff's employment, River House had approximately thirteen (13) employees.

*Owner/ Operator Defendants*

15. Upon information and belief, Ka Ping Leung, a/k/a Tony Leung, known as "boss" to Plaintiff, is the owner and director of River House.

16. Throughout Plaintiff's employment, Leung was regularly present at River House and participated in the day-to-day operations of River House.

17. Upon information and belief, Leung (1) had the authority to hire and fire. For example, (2) set work schedules and workload of the employees, including Plaintiff; (3)

determined the wages and compensation of the employees, including Plaintiff; and (4) handled payrolls. For example, Leung calculated employee's tips paid by the restaurant's customers via credit card each day and paid Plaintiff in cash.

18. Leung acted intentionally and maliciously. He exercised sufficient control over River House's operations to be considered Plaintiff's employer under the FLSA and the NJWHL. He is jointly and severally liable with River House.

19. Upon information and belief, Fang Yu, a/k/a Sylvia, known as "boss lady" to Plaintiff, is the wife of Leung and is also the co-owner and/or managing agent of River House.

20. Throughout Plaintiff's employment, Yu was regularly present at River House and participated in the day-to-day operations of River House.

21. Upon information and belief, Yu (1) had the authority to hire and fire, (2) set work schedules and workload of the employees, including Plaintiff, (3) determined the wages and compensation of the employees, and (4) handled payrolls.

22. Yu acted intentionally and maliciously. She exercised sufficient control over River House's operations to be considered Plaintiff's employer under the FLSA and the NJWHL. She is jointly and severally liable with River House.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation.

24. Plaintiff has fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

25. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against Plaintiff.

26. At all relevant times, Defendants knowingly, willfully, and maliciously failed to

pay Plaintiff his lawful overtime compensation of one and one-half times his regular rate of pay for all hours worked over forty (40) in a given workweek.

27. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

28. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

29. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

30. Defendants did not post the required New Jersey State Department of Labor posters regarding minimum wage pay rates, overtime pay, and payday.

31. Plaintiff worked for River House as a waiter from in or around September 2021 through May 29, 2023. Plaintiff's working schedule varied as follows.

**I.    From in or around September 2021 through the end of February 2022**

32. From in or around September 2021 through the end of February 2022, for half of each month, Plaintiff worked four (4) days a week from Wednesday through Saturday. For the other half of each month, Plaintiff worked five (5) days a week from Tuesday through Saturday. On each Tuesday, Wednesday, and Thursday, Plaintiff worked from 11:00 a.m. to 9:30 p.m., around ten- and one-half hours (10.5) per day. Each Friday and Saturday, Plaintiff worked from 11:00 a.m. to 10:00 p.m., around eleven hours (11) per day. Therefore, Plaintiff worked a total of forty- two and one-half (42.5) hours per workweek for the half time of this period and fifty-three (53) hours per workweek for the rest time of this period.

**II.    From around early March 2022 through around the end of December 2022**

33. From around early March 2022 through around the end of December 2022, for around three quatres of each month, Plaintiff worked four (4) days a week on Monday, Tuesday, Friday, and Saturday. For the other one-quarter of each month, Plaintiff worked five (5) days a

week on Monday, Tuesday, Wednesday, Friday and Saturday. During this period, as Defendants arranged Plaintiff to pick up their employees on each Monday, Plaintiff worked from 10:15 am through around 10:40 pm on Mondays. Specifically, Plaintiff drove down to Chinatown, NY, at 10:15 am to pick up Defendants' other employees and arrived at Defendant's' restaurant at around 11:00 am to start his work as a waiter through around 9:30 pm. Plaintiff then needed to drive the Defendants' employees back to Chinatown, NY or Brooklyn from 10:15 pm to 10:40 pm. Therefore, each Monday, Plaintiff worked total of around twelve (12) hours to twelve hours and twenty-five minutes (12.42 hours). Plaintiff got the same schedules on other workdays as mentioned above. Therefore, Plaintiff worked totally around forty-four hours and twenty-five minutes (44.42 hours) per workweek for three-quarters of this period and fifty-four and fifty-five minutes (54.92 hours) per workweek for the rest quarter of this period.

### III.   From around early January 2023 through May 15, 2023

34.   From around early January 2023 through May 15, 2023, Plaintiff worked four (4) days a week on Monday, Tuesday, Friday, and Saturday. Plaintiff got the same schedules each day as last above period. Therefore, Plaintiff worked total of around forty-four hours and twenty-five minutes (44.42 hours) per workweek.

### IV.   From May 16, 2023, through May 29, 2023

35.   As Plaintiff had a fight with Defendants' chef on May 15, 2023, to the extent that the chef threatened Plaintiff with the kitchen knife, Plaintiff thereafter asked for leaves from Defendants to avoid further confrontation. Plaintiff only worked two Mondays, May 22 and May 29 in these two weeks and Plaintiff got the same Monday schedules as last above period.

36.   On May 26 2023, when Plaintiff tried to ask his previous 4-day per week schedule back, Defendant Leung, however, only offered him one day a week. Meanwhile, Leung asked fifty-six (56) years old Plaintiff to find a better job as Plaintiff has had a fight with the chef and

is getting old.

37. Throughout Plaintiff's employment with Defendants, Defendants only paid Plaintiff a flat daily rate of $25 and paid him in cash twice a month on each 1st and 16th day of the month.

38. As a tipped waiter, Plaintiff also made tips per day. However, Defendant had never informed Plaintiff at any point of his employment 1) the amount of the cash wage that is to be paid; 2) the amount of the tip credit; or 3) that all tips received by him must be retained by him.[1]

39. Instead, Defendants deducted 20% of Plaintiff's tips in the first three weeks of his employment and deducted 5% of his tips paid by credit card throughout Plaintiff's employment.

40. At all relevant times, Defendants never paid Plaintiff overtime for the hours he worked in excess of forty (40) hours each week.

41. Throughout his employment, Defendants failed to provide Plaintiff with a payment statement reflecting any allowances claimed as part of the minimum wage and his gross and net wages for each payday as required by law.

42. At all relevant times, Defendants knowingly and willfully operated River House with a policy of not paying total compensation, the FLSA overtime rate (of time and one-half) or the NJWHL overtime rate (of time and one-half) for work performed over forty (40) hours in a workweek to Plaintiff.

---

[1] From around September 2021 through around June 2022, Plaintiff made tips around fifty (50) to sixty (60) dollars per day. From around July 2022 through May 29, 2023, Plaintiff made tips around one hundred (100) dollars per day.

## STATEMENT OF CLAIMS

### COUNT I
### Violation of N.J.W.H.L.— Minimum Wages

43. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New Jersey Statutes Annotated ("N.J.S.A.") §34:11-56a1(h).

45. At all times relevant to this action, Defendants were employers within the meaning of N.J.S.A. §34:11-56a1(g).

46. Here, Plaintiff worked ten and one half (10.5) hours to twelve hours and twenty-five minutes (12.42 hours) per day. Defendants, however, only paid him daily wages of $25.

47. Therefore, Defendants willfully failed to record, credit, or compensate Plaintiff the applicable minimum hourly wage, in violation of the New Jersey Minimum Wage Standards, specifically N.J.S.A. §34:11-56 and applicable regulations.

48. Due to Defendants' violations of the N.J.W.H.L., Plaintiffs is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages as well as reasonable attorney's fees and costs of the action, pursuant to the N.J.W.H.L., specifically N.J.S.A. §34:11-56a25, all in an amount to be determined at trial.

### COUNT II
### Violation of N.J.W.H.L.—Overtime Wage

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. Pursuant to the applicable provisions of N.J.S.A. §34:11-56a(4), the plaintiff was entitled to overtime wages of one and one-half times the applicable minimum wage for all hours

worked in excess of forty per week.

51. Plaintiff regularly worked in excess of forty hours per week during his employment with Defendants.

52. At all relevant times, Defendants failed to pay the overtime compensation to Plaintiff at one and one-half times of the hourly rate for hours he worked exceeding forty (40) hours per week.

53. Defendants' failure to pay Plaintiff was not in good faith.

54. Plaintiff is entitled to recover from Defendants their full unpaid overtime pays, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to N.J.W.H.L. §§34:11-56a et seq.

## COUNT III
### Violations of the N.J.W.H.L.—Improper Retention of Tips/Gratuities

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. Plaintiff was deprived of a portion of tips earned from customers during his employment with Defendants.

57. Defendants deducted 20% of Plaintiff's tips in the first three weeks of his employment and deducted 5% of his tips paid by credit card throughout Plaintiff's employment.

58. N.J.A.C. §12:56-3.5(g) provided that "[t]he employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than as wages or in furtherance of a valid tip pool."

59. Tipped Plaintiff is entitled to recover unpaid wages in the form of tips pursuant to N.J.S.A. §34:11-56a1(d) and N.J.A.C. §12:56-3.5.

60. Tipped Plaintiff was deprived of the tips earned from customers during his

employment with Defendants.

61. Defendants willfully violated the N.J.W.H.L. by withholding all tips paid by customers to employees without taking a tip credit.

62. Tipped Plaintiff is entitled to recover from Defendants the full amount of tips withheld by Defendants and an additional equal amount as liquidated damages.

## COUNT IV
### Violations of the F.L.S.A.—Minimum Wage

63. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the F.L.S.A., 29 U.S.C. §206(a) and §207(a). Further, Representative Plaintiffs are covered within the meaning of F.L.S.A., U.S.C. §§206(a) and §207(a).

65. At all relevant times, Defendants employed Plaintiff within the meaning of F.L.S.A.

66. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

67. The F.L.S.A. provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

68. The F.L.S.A. provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation and in an additional equal amount as liquidated damages.

69. Defendants knowingly and willfully disregarded the provisions of the F.L.S.A.

as evidenced by failing to compensate Plaintiff at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT V
### Violations of the F.L.S.A.—Overtime Wage

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. The F.L.S.A. provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. §207(a).

72. The F.L.S.A. provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

73. Plaintiff worked more than forty (40) hours at all relevant times and was paid with flat daily rate of $25, regardless of the actual hours he worked.

74. Defendants' failure to pay Plaintiff his overtime premiums violated the F.L.S.A.

75. The F.L.S.A. and supporting regulations require employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

76. Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff.

77. Defendants knowingly and willfully disregarded the provisions of the F.L.S.A. as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one

half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT VI
### Violations of the F.L.S.A.—Improper Retention of Tips/Gratuities

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. 29 U.S.C. §203(m)(2)(b) provides that, "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

80. Under Title XII of Consolidated Appropriations Act 2018 ("Title XII" hereinafter), Subsection (a) was titled Prohibition on Keeping Tips, citing, amending, and redesignating Section 29 U.S.C. 203(m). The only purpose of such amendment and redesignation was to make it a separate paragraph emphasizing that "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

81. Title XII (b) specifies penalties and remedies to tip reduction claims by amending 29 U.S.C. 216(b) to include that, 1) "any employer who violates section 3(m)(2)(B) shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages", 2) "the authority and requirements described in this subsection shall apply with respect to a violation of section 3(m)(2)(B)…", and 3) "any person who violates section 3(m)(2)(B) shall be subject to a civil penalty not to exceed $1,100 for each such violation, as the Secretary determines appropriate, in addition to being liable to the employee or employees affected for all tips unlawfully kept, and an additional equal amount as liquidated damages, as

described in subsection (b)."

82. Tipped Plaintiff was deprived of all tips earned from customers during his employment with Defendants.

83. Defendants willfully violated the F.L.S.A. by withholding Plaintiff's tips paid by customers to employees, without taking a tip credit.

84. Tipped Plaintiff is entitled to recover from Defendants the full amount of tips withheld by Defendants, and an additional equal amount as liquidated damages.

## COUNT VII
### Violations of New Jersey Law against Discrimination—Age Discrimination

85. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86. N.J. Stat. Ann. § 10:5-12(a) provides it shall be an unlawful employment practice…for an employer, because of the…age… to refuse to hire or employ or to bar or to discharge or require to retire. N.J. Stat. § 10:5-12

87. Here, Defendants cut Plaintiff's hours from four days a week to one day a week on the basis of Plaintiff's age. Further, Defendants asked Plaintiff to find a better job because he was old. The defendants' action constitutes illegal employment discrimination based on age, in violation of the LAD.

88. Plaintiff is entitled to recover from Defendants the damages, including the punitive damages suffered from Defendants' discrimination action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under F.L.S.A. and N.J.W.H.L.;

b) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c) Award Plaintiff unpaid wages and unpaid overtime due under the F.L.S.A. and the N.J.W.H.L. plus compensatory and liquidated damages;

d) Award Plaintiff the full amount of tips withheld by Defendants, and an additional equal amount as liquidated damages;

e) Award Plaintiff the punitive damages suffered from Defendant's discrimination action based on his age;

f) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and N.J.W.H.L.;

g) The cost and disbursements of this action;

h) An award of prejudgment and post-judgment fees; and

i) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:      June 14, 2023
Flushing,   New York

                                        Respectfully Submitted,

                                        HANG & ASSOCIATES, PLLC
                                        *Attorneys for Plaintiff*

/s/ *Yuezhu Liu*
Yuezhu Liu, Esq.
136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: yliu@hanglaw.com